UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-11631-GAO

BRYAN M. GARNETT,
Plaintiff,

v.

JETBLUE AIRLINES and JOHN DOE,
Defendants.

OPINION AND ORDER
April 10, 2015

O'TOOLE, D.J.

The plaintiff, acting *pro se*, brings this action against defendants JetBlue Airlines and an unnamed flight attendant, John Doe, for "character assassination," defamation, and "slander of [his] name." The plaintiff claims that a number of newspapers inaccurately reported on an incident that occurred between him and a JetBlue flight attendant aboard a flight bound for Boston and on his arrest that followed when the plane landed. The plaintiff presents excerpts from three news articles, from the Associated Press, somethingsinister.wordpress.com, and an unidentified source. JetBlue Airlines has moved to dismiss for failure to state a claim. No summons has issued with respect to the John Doe defendant. (See Oct. 28, 2014 Order ¶ 2 (dkt. no. 7).)

This Court previously entered an order granting the plaintiff's motion to proceed *in forma pauperis* and instructing him to file an amended complaint. That order identified, among other things, the complaint's failure adequately to plead defamation against JetBlue. The amended complaint does not remedy these shortcomings and must be dismissed for the reasons outlined in the prior order. (See July 24, 2014 Mem. and Order (dkt. no. 4).)

Even allowing for a liberal construction of the *pro se* plaintiff's complaint, Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st. Cir. 1997), the amended complaint fails to state a claim for defamation.[1] To state a claim for defamation under Massachusetts law, a plaintiff must allege that "the defendant was at fault for the publication of a false statement of and concerning the plaintiff which was capable of damaging his or her reputation in the community, and which either caused economic loss or is actionable without proof of economic loss." Freeman v. Town of Hudson, 849 F. Supp. 2d 138, 160 (D. Mass. 2012). The plaintiff offers no facts to link the allegedly false statements in news reports to JetBlue. The plaintiff has not alleged that JetBlue made any statements at all concerning the incident, nor that it caused third-party news sources to publish the excerpted stories. This deficit requires dismissal of the complaint under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

For the foregoing reasons, the defendant's Motion to Dismiss (dkt. no. 15) is GRANTED. The plaintiff was put on notice of the insufficiency of the defamation claim as outlined in his original complaint and given an opportunity to amend, but he has again not pled a viable defamation claim against JetBlue (or against the John Doe defendant). This action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The Court considers the plaintiff to make a single claim for defamation, because slander is merely "defamation through oral communication," Noonan v. Staples, 707 F. Supp. 2d 85, 89 (D. Mass. 2010), and "character assassination" is not itself a cause of action.